CHARITON PLOW COMPANY, PLAINTIFF IN ERROR, V.
JOHN DEUSCH, DEFENDANT IN ERROR.

**Trial:** COMPETENCY OF JUROR. That a juror was one of a jury
which had just tried a case between the present plaintiff and an-
other party for a similar cause of action involving the same gen-
eral considerations, does not render him incompetent to sit in
the subsequent case.

ERROR to the district court for Otoe county.    Tried be-
low before POUND, J.

*C. W. Seymour,* for plaintiff in error.

*Covell & Ransom,* for defendant in error.

COBB, CH. J.

The questions presented by the record in this case are in
all material respects the same as those in the case of the
same plaintiff v. Davidson, *supra,* with this additional
one:   This case came on for trial on the day following
that of the case against Davidson, and nine of the same
jurors who sat in that case being drawn in this, were chal-
lenged for cause by the plaintiff and the challenge over-
ruled by the court.    The following is a copy of the record
of the examination of the juror, Lyman Harman, which is
a fair sample of them all.

Q.    Were you a member of the jury in the case tried
yesterday, of the Chariton Plow Company v. Davidson?

A.    Yes.

Q.    If the issues and facts in this case are similar, would
you have any opinion in regard to this case?

A.    I know nothing about it.    I do not know the cir-
cumstances; there may be different cases.

Q.    But the circumstances are the same?

A.    I have no opinion in the case as yet.

Q.    If the facts in the case are just the same?

A.    If the facts are exactly the same, I should have the same opinion as yesterday.

In the case of *Commonwealth v. Hill*, 4 Allen, 591, the defendant was brought to trial upon an indictment for keeping and maintaining a nuisance. Before the jurors were sworn, the defendant objected to them, for the reason that they had previously and at the same term of court convicted him under another indictment charging him with keeping and maintaining the same building as a nuisance down to a certain date, etc. There was at the same time another jury in court before whom this case might as well have been tried. The judge overruled the objection, and the defendant having been convicted alleged exceptions.

Chief Justice Bigelow, in delivering the opinion of the supreme court, said : " The offenses charged in the two indictments against the defendant, although of the same nature, are entirely separate and distinct. They had no connection with each other, nor would the same evidence be competent in support of the second indictment which had been offered at the previous trial to sustain the first indictment. It was only on proof of a new state of facts or series of facts, covering the time alleged in the present indictment, and having no relation to or connection with those on which the previous conviction was founded, that the government could maintain the charge on which the jury were to pass in the trial of the present case. It cannot therefore be assumed that the jurors who had served during the first trial of the defendant had in any degree prejudged the present case, or were under any bias or want of impartiality which would prevent them from giving a fair hearing to the new case which they were called on to try and determine." The judgment was affirmed.

In the case of *Algier v. The Steamer Maria*, 14 Cal., 168, the action was for damages against defendant for negli-

27

gence by which sparks of fire escaped from the chimney of the steamer while navigating Feather river and burned up one mile of plaintiff's fence along the river bank. On the trial a jury from the regular panel being called, defendant objected to the panel on the ground that they had just passed upon a similar case between the same plaintiff and others against the same defendant, for burning the grain of plaintiffs on the same day the fence was burned, and that they were not fair and impartial, but had formed and expressed an opinion. The court overruled the objection. Upon error the supreme court affirmed the judgment, and in the opinion by Judge Baldwin say: "We do not see how the court could determine in advance of the development of the facts, that the questions involved in this case were the same as in the case before tried by the jury. They might or might not have been. The opinion expressed or implied by the jury in their verdict was merely hypothetical. It was merely the conclusion they drew from the facts in evidence and the law given them in charge in the particular case before them. It would be absurd to say that if they had rendered a verdict a year before on facts before them going to establish, or which they supposed established, the liability of a steamer for acts of negligence, they could not now sit upon a case which might involve the same liability; and the question is not different merely because the first trial was immediately before the last. The jury could not possibly know what facts would be brought out in the case, nor what the argument of counsel would be, nor what the rulings of the court. * * * If one plaintiff sues a sheriff for not making the money on an execution, and the jury find for plaintiff, and if a dozen other plaintiffs should afterwards sue for similar malfeasance, it would scarcely be contended that a juror was incompetent in every case after the first. We think the court did not err in overruling the objection to the panel. A conclusive reason is that the mere suggestion

by the counsel that the jury had just passed on a similar case, could not be noticed by the court, as the court could not possibly know that the case then before it was or was to be similar to one just tried. The objection to the jurors individually failed for the same cause, for though the juror knew his opinion in the case tried by him, he could not know that the next was or was to be like it; and the mere suggestion of counsel was not proof of this fact, either to court or jury, and there seems to be no other showing."

The point rested with more force in either of the foregoing cases than in the case at bar, and we see how thoroughly it was refuted in each of them.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.